IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: 53-2009CA-003945-0000-00

SEC 07

PATRICE FLOYD and
RISE BERGER,

        Plaintiffs,

vs.

MARRIOTT INTERNATIONAL ADMINISTRATIVE
SERVICES, INC., AND MARRIOTT
OWNERSHIP RESORTS, INC.
d/b/a MARRIOTT VACATION CLUB
INTERNATIONAL,

        Defendant(s).

_____/

## COMPLAINT

COMES NOW, Plaintiffs, PATRICE FLOYD and RISE BERGER, by and through their undersigned counsel, hereby sue the Defendant(s), MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., AND MARRIOTT OWNERSHIP RESORTS, INC. d/b/a MARRIOTT VACATION CLUBS INTERNATIONAL, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Polk County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiffs timely filed charges of discrimination with the Equal Employment

1

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charges are attached as Composite Exhibit "A".

5. Notifications of Right to Sue were received from the EEOC and copies are attached as Composite Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

6. More than 180 days have passed since the filing of this charge.

7. Defendants are employers as defined by the laws under which this action is brought and employ the required number of employees.

## PARTIES

8. Plaintiff, PATRICE FLOYD, is a resident of Hillsborough County, Florida.

9. Plaintiff, RISE BERGER, is a resident of Polk County, Florida

10. Defendants are foreign corporations, licensed and authorized to conduct business in the State of Florida and doing business within Polk County.

## GENERAL ALLEGATIONS

11. At all times material, Defendants acted with malice and with reckless disregard for Plaintiffs' Federal and State protected rights.

12. At all times material, Plaintiffs were qualified to perform their job duties within the legitimate expectations of their employer.

13. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

14. Plaintiffs request a jury trial for all issues so triable.

## FACTS

15. Plaintiff, PATRICE FLOYD, an African-American, was employed by Defendants

2

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

from April 1998 until December 8, 2008. Plaintiff's last position with Defendant was a Billing Coordinator.

16. Plaintiff, RISE BERGER, was employed by Defendants from August 1996 until September 26, 2008. Plaintiff's last position with Defendants was a System Administrator.

17. Both Plaintiffs were paid by Defendant, MARRIOTT INTERNATIONAL SERVICES, INC. and performed work for Defendant, MARRIOTT VACATION CLUBS INTERNATIONAL which is owned by Defendant, MARRIOTT OWNERSHIP RESORTS, INC.

18. Beginning in 2007, Plaintiff, PATRICE FLOYD, was subjected to ongoing racial harassment by her supervisor, Billing Manager, Tammy Evans and co-worker, Courtney Hall.

19. Some examples of the racial harassment by Tammy Evans and/or Courtney Hall towards Plaintiff, PATRICE FLOYD and/or was said in from of Plaintiff, PATRICE FLOYD, include but are not limited to:

    a. Tammy Evans said to Plaintiff, "Are you and your Posse back from lunch?" [referring to all the minorities on Plaintiff's team].

    b. Tammy Evans told Plaintiff she needed to get her "little black ass up" and help decorate the Christmas tree.

    c. Tammy Evans told Plaintiff to stop using her Bluetooth because she looked "ghetto".

    d. Tammy Evans referred to Plaintiff as "the little Black girl in the corner"

    e. Tammy Evans referred to Plaintiff as a "Black Bitch".

    f. Tammy Evans made racial comments about Plaintiff being a "little monkey".

3

    g.    Tammy Evans referred to Plaintiff as a "little shit" and told her to sit down before she wrote her up.

    h.    Tammy Evans told Plaintiff she felt bad for the biracial children of another co-worker, because she didn't believe in mixing races.

    i.    Courtney Hall said, "It's not my fault, I have internationals on my team."

    j.    Tammy Evans told Hispanic employees to speak "proper English" and go to school to learn English.

    k.    Courtney Hall said, "She's so black, you can't even see her in the picture" regarding Patrice Floyd.

    l.    Tammy Evans and Patrice Floyd referring to Plaintiff as a horse with a horse's blanket.

20.    In early 2008, Plaintiff, PATRICE FLOYD, and another African-American employee, La'Keesha Mitchell, were targeted by Ms. Evans and Ms. Hall and alleged to have intentionally submitted erroneous information on their timesheets.

21.    Defendants suspended Plaintiff, PATRICE FLOYD and La'Keesha Mitchell for lying on their timesheets. Plaintiff PATRICE FLOYD, was demoted after and/or due to the allegations of fraudulent timesheet reporting and her position was never reinstated.

22.    Defendants treated similarly situated non-African American employees more favorably than the Plaintiffs. Caucasian employees who provided inconsistent time sheet information before Plaintiff, PATRICE FLOYD, were not suspended. Further, Caucasian employees whom Plaintiff, PATRICE FLOYD, reported providing false information on their timesheets after Plaintiff's suspension were not suspended.

4

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

23. Plaintiff, PATRICE FLOYD, complained to Defendants that the alleged timesheet fraud by Plaintiff which was reported by Ms. Evans and Ms. Hall was racially motivated to try and get her terminated. Plaintiff, PATRICE FLOYD, also reported racial harassment she had endured to Defendants.

24. On February 19, 2008, Ms. Hall referred to Plaintiff PATRICE FLOYD, as a "dumb nigger" in Plaintiff, RISE BERGER's, presence. Plaintiff, RISE BERGER, told Ms. Hall in an email that she was "VERY uncomfortable" with her use of racial slurs.

25. Plaintiff, RISE BERGER, reported the use of the racially derogatory remark to her supervisor, David Matern. In response, Mr. Matern told Plaintiff Ms. Hall only referred to Patrice Floyd using that term because that was the worst thing that she could think of to call her and that no offense was meant by it.

26. Plaintiff, RISE BERGER, reported to her suprvisor that Courtney Hall's motivation in reporting alleged timesheet fraud by Plaintiff was not being done for the "right reasons".

27. Subsequent to the complaint(s) by Plaintiff PATRICE FLOYD, the harassing behavior did not stop and Defendants began retaliating against her.

28. Some examples of the retaliation include but are not limited to:

    a. Tammy Evans told the rest of the Team about Plaintiff's complaints of racial harassment.

    b. Plaintiff was written up.

    c. Tammy Evans told La'Keesha Mitchell not to trust Plaintiff and not to talk to her.

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

  d. Tammy Evans would mock emails Plaintiff sent to her with other employees.

  e. Defendants denied Plaintiff's request for a transfer.

  f. Tammy Evans told HR that Plaintiff was taking more personal phone calls.

  g. Tammy Evans told HR that Plaintiff was talking about her.

  h. Plaintiff was timed for breaks and lunch breaks, while other employees were not.

  i. Plaintiff was informed that before leaving for any break or lunch, that she would need to informed management, while Caucasian employees were not.

  j. Plaintiff was physically bumped by a co-worker, Debbie Clark who is Courtney Hall's mother, after notifying Human Resources that Ms. Clark said she did not eat at the same restaurant as Plaintiff, because they did not want to eat with "garbage".

29. As a result of the harassment and retaliation, Plaintiff, PATRICE FLOYD, began treating with a mental health counselor and was unable to continue working.

30. Plaintiff, PATRICE FLOYD'S, physician recommended to Defendants that the Plaintiff not work with her harassers in the future.

31. Defendants refused to implement Plaintiff's physician's recommendations.

32. As a result, Plaintiff, PATRICE FLOYD, was unable to return to work for Defendants.

33. Subsequent to Plaintiff, RISE BERGER, reporting the derogatory racial remark

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

by Ms. Hall, Defendants began retaliating against her.

34. Some examples of the retaliation towards Plaintiff, RISE BERGER, include, but are not limited to:

    a. Plaintiff's supervisor, David Matern cancelled regular bi-weekly work-related lunch meetings with her.

    b. Plaintiff's supervisor, David Matern, stopped speaking to her. When she asked him why, he indicated that he had to be "careful" with her since he had already been written up for retaliation against her.

    c. Plaintiff's time sheet began being scrutinized by Defendants.

    d. Tammy Evans indicated that Plaintiff's timesheet should be changed, "It's a good thing you changed that [referring to Plaintiff's timesheet] you could get in trouble."

    e. Plaintiff was accused of making too much noise, being loud and obnoxious when walking through Tammy Evans' work area.

    f. As a result of the foregoing, Plaintiff was told not to walk through Tammy Evans' work area anymore.

    g. Tammy Evans and Courtney Hall would walk and/or "stomp" by Plaintiff's desk and laugh loudly in a manner which was harassing to Plaintiff and disruptive to her work.

    h. After Plaintiff turned in her notice of resignation, Courtney Hall indicated that she was going to have a party on Plaintiff's last day of employment.

    i. Despite her request, Plaintiff was forced to work in an area where she was

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD N. WEISS, CLERK OF COURTS

        subjected to offensive and harassing behavior by Tammy Evans and Courtney Hall.

j.     A racially negative comment was made by Plaintiff's new supervisor to Plaintiff about Patrice Floyd, "It's hard not to notice a black female driving a Jaguar."

35.     As a result of the retaliation, Plaintiff, RISE BERGER, was forced to resign her employment with Defendants.

**COUNT I**
**PLAINTIFF, PATRICE FLOYD**
**TITLE VII - RACE DISCRIMINATION**

36.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

37.     Plaintiff is a member of a protected class under Title VII.

38.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

39.     The Defendant knew of or should have known of the harassment of Plaintiff on the basis of her race.

40.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff in the terms and conditions of her employment on account of her race in violation of Title VII of the Civil Rights Act.

41.     Defendant knew, or should have known of the discrimination against Plaintiff on the basis of her race.

42.     As a result of Defendant's unlawful actions described hereinabove, Plaintiff has suffered and continues to suffer damages.

8

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotion pain and suffering;

e. Punitive damages;

f. For costs and attorney's fees;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

### COUNT II
### PLAINTIFF, PATRICE FLOYD
### FCRA- RACE DISCRIMINATION

43. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

44. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

45. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

46. The Defendant knew of or should have known of the harassment of Plaintiff on the basis of her race.

47. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff in the terms and conditions of her employment on account of her race in violation of the Florida Civil Rights Act.

48. Defendant knew, or should have known of the discrimination against Plaintiff on the basis of her race.

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

49. As a result of Defendant's unlawful actions described hereinabove, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT III
## PLAINTIFF, PATRICE FLOYD
### TITLE VII - RETALIATION

50. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

51. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

52. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

53. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

10

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

**COUNT IV**
**PLAINTIFF, PATRICE FLOYD**
**<u>FLORIDA CIVIL RIGHTS ACT – RETALIATION</u>**

54. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

55. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

56. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

57. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

  f.  Costs and attorney's fees;

  g.  Punitive damages; and

  h.  For any other relief this Court deems just and equitable.

### COUNT V
### PLAINTIFF, PATRICE FLOYD
### 42 U.S.C. § 1981 DISCRIMINATION

58. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

59. Plaintiff is African American.

60. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981 for which Defendant is liable.

61. Defendant knew, or should have known of the discrimination.

62. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a.  Back pay and benefits;

  b.  Interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Compensatory damages for emotion pain and suffering;

  e.  Punitive damages;

  f.  For costs and attorney's fees;

  g.  Injunctive relief;

  h.  For any other relief this Court deems just and equitable.

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

## COUNT VI
## PLAINTIFF, RISE BERGER
## TITLE VII - RETALIATION

63. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

64. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

65. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

66. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages;

   e. Pecuniary and non-pecuniary losses;

   f. Costs and attorney's fees;

   g. Punitive damages; and

   h. For any other relief this Court deems just and equitable.

## COUNT VII
## PLAINTIFF, RISE BERGER
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

67. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 35.

68. Plaintiff suffered an adverse employment action for opposing an employment

13

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD V. WEISS, CLERK OF COURTS

practice made unlawful by Florida Statutes Chapter 760.

69.     The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

70.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages;

e.   Pecuniary and non-pecuniary losses;

f.   Costs and attorney's fees;

g.   Punitive damages; and

h.   For any other relief this Court deems just and equitable.

Dated this the 21st of December, 2009.

                                        REESER, RODNITE, OUTTEN
                                        & ZDRAVKO, P.A.

                                        /s/ Angela Outten
                                        Angela E. Outten, Esquire
                                        3411 Palm Harbor Boulevard, Ste A
                                        Palm Harbor, Florida 34683
                                        Telephone: (727)787-5919
                                        Facsimile: (727)787-6685
                                        Email: aoutten@rrozlaw.com
                                        Attorney for the Plaintiff
                                        FBN: 0002569

14

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2008-01765 |
|---|---|---|

Florida Commission On Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Patrice Floyd | Home Phone (Incl. Area Code)<br>(813) 531-7697 | Date of Birth<br>12-28-1969 |
|---|---|---|

Street Address: 18562 Kingbird Dr., Lutz, FL 33558

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>MARRIOTT VACATION CLUB INT'L | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(941) 688-7700 |
|---|---|---|

Street Address: 1200 U S Highway 98 S, Lakeland, FL 33801

DISCRIMINATION BASED ON *(Check appropriate box(es).)*
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-28-2008   Latest: 04-14-2008
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1. I am a Black. I began working for the above employer in April 1998, as an Administrative Assistant. From about 1/28/08 to most recently on 4/14/08, the employer has subjected me to harassment relating to my race, and also to terms and conditions of employment which are different from those enjoyed by my White coworkers. I have been criticized more than once for looking "ghetto", and the Research & Billing Coordinator referred to me as a "dumb Nigger" in a conversation with a manager. The manager has called me "little Black girl in the corner" and "little shit", and declare that looked like a horse. The employer suspended me on 2/18/08, and on 2/25/08 the employer wrote me up and demoted me from my Team Leader position.

2. No explanation has been offered for the harassment and different terms and conditions of employment. The suspension and demotion were said to be for matters including "stealing time", absence, and disrespect.

3. I believe the above employer discriminated against me in these actions on the basis of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. My White peers have been treated differently in similar situations.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

4/23/08  *PFloyd*
Date   Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 511-2009-00179 |

State or local agency, if any: Florida Commission On Human Relations and EEOC      2008 NOV 10 PM 2:41

| Name (Indicate Mr., Mrs., Ms.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Rise Berger | (863) 669-3856 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 3764 Paula Court | Lakeland, FL 33812 | 10/09/1976 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Marriott Vacation Club International | 500+ | (941)688-7700 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1200 U.S. Highway 98 S. | Lakeland, FL 33801 | Polk |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
RACE ___ COLOR ___ SEX ___ RELIGION ___ NATIONAL ORIGIN ___
RETALIATION _X_ AGE ___ DISABILITY ___ OTHER (Specify) sex harassment

DATE DISCRIMINATION TOOK PLACE
EARLIEST 2/2008    LATEST 9/2008
CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

**I:   PERSONAL HARM:**

I was employed by the Respondent from August 1996 until September 2008. My most recent position was a System Administrator. In February 2008, a co-worker Courtney Hall approached me about reporting to Human Resources regarding the lunch times taken by two black employees, Patrice Floyd and La'Keesha Mitchell. During the conversation, Ms. Hall called Ms. Floyd "that dumb nigger". I reported the racial slur to my supervisor who advised me to send her an email. Thereafter, my supervisor began treating me differently and I was harassed by my co-workers. I went to Human Resources in April and reported what had occurred. Despite my reports to Human Resources, I was retaliated against until I was forced to resign my employment in September 2008.

**II:  RESPONDENT'S REASON FOR ADVERSE ACTION:**

No reason was given.

**III: STATEMENT OF DISCRIMINATION:**

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act, F.S. Ch. 760.

ALISA C ANDERSON
Notary Public - State of Florida
My Commission Expires Jul 30, 2011
Commission # DD 700272
Bonded Through National Notary Assn.

_X_ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

DATE 11.3.08   CHARGING PARTY (Signature) Rise Berger

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 11/3/08

EEOC FORM 5 (Rev. 06/92)

A TRUE COPY
CERTIFICATION ON LAST PAGE
RICHARD M. WEISS, CLERK OF COURTS

EEOC Form 161-B (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Patrice Floyd<br>18562 Kingbird Dr.<br>Lutz, FL 33558 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2008-01765 | Ted M. Bonstedt,<br>Investigator | (813) 202-7922 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     Manuel Zurita,<br>Director     OCT 2 3 2009 *(Date Mailed)*

cc: 
Darryl L. Franklin, VP & Senior Counsel<br>MARRIOTT INTERNATIONAL INC.<br>1 Marriott International Drive<br>Washington, DC 20058

Angela E. Outten, Esq.<br>Reeser, Rodnite, Outten & Zdravko, P.A.<br>3411 Palm Harbor Boulevard<br>Suite A<br>Palm Harbor, FL 34683

A TRUE COPY<br>CERTIFICATION ON LAST PAGE<br>RICHARD M. WEISS, CLERK OF COURTS

Exhibit "B"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Rise Berger<br>3864 Paula Court<br>Lakeland, FL 33812 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2009-00479 | Ted M. Bonstedt,<br>Investigator | (813) 202-7922 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Manuel Zurita,
Director

OCT 2 8 2009
(Date Mailed)

Enclosures(s)

cc:  Darryl L. Franklin, VP & Senior Counsel        Angela E. Outten, Esq.
     MARRIOTT INTERNATIONAL INC.                    Reeser, Rodnite, Outten & Zdravko, P.A.
     1 Marriott International Drive                 3411 Palm Harbor Boulevard
     Washington, DC 20058                           Suite A
                                                    Palm Harbor, FL 34683



STATE OF FLORIDA, COUNTY OF POLK
CERTIFIED TO BE A TRUE COPY OF ORIGINAL
[X] This copy has no redactions.
[ ] This copy has been redacted pursuant to law.
This _____
RICHARD M. WEISS, CLERK OF COURTS
BY _____
                Deputy Clerk